IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: <u>7:22-cr-00779</u> |
| | ) | |
| | ) | 13 U.S.C. § 305 |
| | ) | 13 U.S.C. § 305(a)(1) |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 554 |
| -versus- | ) | 18 U.S.C. § 922(a)(1)(A) |
| | ) | 18 U.S.C. § 922(a)(6) |
| | ) | 18 U.S.C. § 922(d)(1) |
| | ) | 18 U.S.C. § 922(e) |
| | ) | 18 U.S.C. § 922(g)(1) |
| | ) | 18 U.S.C. § 922(h) |
| | ) | 18 U.S.C. § 922(k) |
| | ) | 18 U.S.C. § 923(a) |
| | ) | 18 U.S.C. § 924(a)(1)(B) |
| **MARLON MICHAEL BRUFF,** | ) | 18 U.S.C. § 924(a)(2) |
| **a/k/a "Big Bro"** | ) | 18 U.S.C. § 924(a)(1)(D) |
| ▮ | ) | 18 U.S.C. § 924(b) |
| **RAMARO ALSWORTH HIGGINS,** | ) | 18 U.S.C. § 924(d)(1) |
| **a/k/a "Dre"** | ) | 18 U.S.C. § 981(a)(1)(C) |
| **RENE SHARRONE COPELAND** | ) | 18 U.S.C. § 924(e) |
| **LIONEL MARTIN ROSENADA** | ) | 21 U.S.C. § 841(a)(1) |
| **CABALLERO,** | ) | 21 U.S.C. § 841(b)(1)(D) |
| **a/k/a "Mr. Hustler"** | ) | 21 U.S.C. § 846 |
| **MCKINLEY QUARLES** | ) | 21 U.S.C. § 853 |
| **JOSHUA BROOKS** | ) | 21 U.S.C. § 881 |
| **TRENT NICHOLS** | ) | 28 U.S.C. § 2461(c) |

## <u>SEALED SUPERSEDING INDICTMENT</u>

2022 DEC 13  PM 2: 37
USDC CLERK, GREENVILLE, SC
RECEIVED

1

<u>COUNT 1</u>

THE GRAND JURY CHARGES:

1.     That beginning at a time unknown to the grand jury, but beginning from at least in or around February of 2020, and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina and elsewhere, Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro,"**                    **RAMARO ALSWORTH HIGGINS, a/k/a "Dre," RENE SHARRONE COPELAND, LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler," MCKINLEY QUARLES, JOSHUA BROOKS** and **TRENT NICHOLS,** knowingly and willfully did combine, conspire, confederate, and agree together and with others known and unknown to the grand jury, to commit the following violations:

   a.  To engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A);

   b.  To make false statements with regard to the acquisition of firearms from licensed firearm dealers, in violation of Title 18, United States Code, Section 922(a)(6);

   c.  To knowingly possess and receive firearms that had been shipped and transported in interstate and foreign commerce from which manufacturer's serial number had been removed, altered, and obliterated, in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B);

   d.  To transfer and dispose of firearms to persons they knew and had reasonable cause to know had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(d)(1);

2

e.  To ship, transport, and receive firearms and ammunition in interstate and foreign commerce with knowledge and reasonable cause to believe any other felony offense punishable by a term exceeding one year is to be committed, in violation of Title 18, United States Code, Section 924(b);

f.  To use a common and contract carrier to ship firearms and ammunition in foreign commerce, to a person other than a licensed importer, manufacturer, dealer, or collector, without providing written notice to the carrier that firearms and ammunition were being transported and shipped, in violation of Title 18, United States Code, Section 922(e);

g.  To knowingly cause shippers to file false Shippers Export Declarations through the Automated Export System, by misrepresenting the contents of shipments containing firearms and ammunition and failing to declare the firearms and ammunition, in violation of Title 13, United States Code, Section 305; and,

h.  To fraudulently and knowingly attempt to export and send merchandise, articles, and objects from the United States to Trinidad and Tobago contrary to the laws and regulations of the United States, in violation of Title 18, United States Code, Section 554.

**MANNER AND MEANS**

2.    It was part of the conspiracy that Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro,"** ███████████ **RAMARO ALSWORTH HIGGINS, a/k/a "Dre"** and **RENE SHARRONE COPELAND,** would recruit, pay, and receive firearms from straw

purchasers and from individuals who knew that they were acquiring firearms that would be used to commit felony offenses;

3.    It was further part of the conspiracy that Defendants **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler," RENE SHARRONE COPELAND** and **JOSHUA BROOKS,** and others, both known and unknown to the grand jury, would by dishonest means, procure firearms, under the guise of purchasing firearms for themselves, when in fact, the firearms were intended to be sold and used by others;

4.    It was further part of the conspiracy that Defendants **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** and **RENE SHARRONE COPELAND,** would knowingly transfer firearms to individuals they knew and had reasonable cause to know had been convicted of a crime punishable by imprisonment for a term exceeding one year and would transfer and receive firearms knowing that other felony offenses were to be committed;

5.    It was a further part of the conspiracy that Defendant ▮▮▮▮▮▮▮ would, in the District of South Carolina, receive firearms from Defendant **JOSHUA BROOKS** and others, both known and unknown to the grand jury, would obliterate the serial numbers from the firearms, and would transfer the firearms to Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro";**

6.    It was a further part of the conspiracy that Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro," RAMARO ALSWORTH HIGGINS, a/k/a "Dre," RENE SHARRONE COPELAND** and **MCKINLEY QUARLES,** would travel to and from South Carolina to transport the firearms across interstate lines to deliver firearms to various other states and to smuggle the firearms into Canada;

7.    It was further part of the conspiracy that Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro,"** ▮▮▮▮▮▮▮ **RAMARO ALSWORTH HIGGINS, a/k/a**

4

"Dre," **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler," JOSHUA BROOKS** and **TRENT NICHOLS,** would engage in the business of dealing in firearms without a license; and,

8.    It was further part of the conspiracy that Defendant **TRENT NICHOLS** and others known and unknown to the grand jury, would acquire firearms and ammunition from Defendant **JOSHUA BROOKS** and others, known and unknown to the grand jury, and would pack the firearms and ammunition into shipping barrels, misrepresent the contents of these barrels, fail to disclose that the barrels contained firearms and ammunition, and ship the firearms and ammunition to Trinidad and Tobago using a common and contract carrier.

## OVERT ACTS

9.    In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the District of South Carolina and elsewhere:

   a.   From in or about June of 2020, and continuing thereafter, up to and including the date of this Superseding Indictment, Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro,"** ▇▇▇▇▇▇▇▇ **RAMARO ALSWORTH HIGGINS, a/k/a "Dre," RENE SHARRONE COPELAND** and **TRENT NICHOLS** recruited, paid, and received firearms from straw purchasers;

   b.   From in or about June of 2020, and continuing thereafter, up to and including the date of this Superseding Indictment, Defendant **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** straw purchased firearms and transferred them to Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** and **RENE SHARRONE COPELAND;**

5

c. On or about March 5, 2021, Defendant **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** sold five (5) firearms to Defendant **RENE SHARRONE COPELAND**. These firearms had been purchased by Defendant **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** from a Federal Firearms Licensee (FFL) earlier in the day on March 5, 2021;

d. On or about March 8, 2021, Defendant **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** sold a Glock, model 42, .380 caliber pistol and a Ruger, model LC9, 9mm pistol, to Defendant **RENE SHARRONE COPELAND**. Defendant **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** purchased the Glock, model 42, .380 caliber pistol from an FFL on or about March 7, 2021;

e. Beginning on March 10, 2021, and continuing until June 9, 2021, Defendant **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** straw purchased 20 firearms from FFLs in Georgia and transferred them to Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** and **RENE SHARRONE COPELAND**;

f. On a date unknown to the grand jury, but between June of 2020, and June 14, 2021, Defendant **RENE SHARRONE COPELAND** picked up approximately $16,000 in cash from Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** in Maryland and transported the cash to Georgia, where she gave it to Defendant **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** to pay for guns;

g. Beginning on a date unknown to the grand jury, but including the period of time between June of 2020, and June 14, 2021, Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** and **RAMARO ALSWORTH HIGGINS, a/k/a "Dre"**

provided guns to individuals unknown to the grand jury, who picked up the guns at Harsens Island in the state of Michigan, and then smuggled the guns into Canada;

h.  On or around December 5, 2020, Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** and **RAMARO ALSWORTH HIGGINS, a/k/a "Dre"** traveled to the vicinity of Harsens Island, Michigan, to facilitate the smuggling of items, including guns, into Canada;

i.  Beginning in April of 2021, and continuing through June of 2021, Defendant **RENE SHARRONE COPELAND** reserved several VRBO and Airbnb rentals in the vicinity of Harsens Island, Michigan;

j.  On or around April 25, 2021, Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** traveled to the vicinity of Harsens Island, Michigan, to facilitate the smuggling of items, including guns, into Canada;

k.  On or around April 28, 2021, Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** traveled to the vicinity of Harsens Island, Michigan, to facilitate the smuggling of items, including guns, into Canada;

l.  Since April 16, 2021, 15 firearms that were purchased by Defendant **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** from FFLs in Georgia between January 29, 2021, and May 19, 2021, have been recovered by law enforcement in Canada;

m.  Beginning on May 16, 2021, and continuing until June 11, 2021, individuals known to the grand jury straw purchased 36 firearms from FFLs in and around Fort Lauderdale and Pompano Beach, Florida. The firearms were then transferred to Defendants

7

MARLON MICHAEL BRUFF, a/k/a "Big Bro" and RENE SHARRONE COPELAND and transported through the District of South Carolina;

n. Beginning at a time unknown to the grand jury, but beginning at least in or around June of 2020, and continuing thereafter, up to and including the date of this Superseding Indictment, Defendant ███████ obliterated the serial numbers on numerous firearms that he subsequently transferred to Defendant MARLON MICHAEL BRUFF, a/k/a "Big Bro";

o. From in or about June of 2020, and continuing thereafter, up to and including the date of this Superseding Indictment, Defendant JOSHUA BROOKS acquired firearms and transferred them to Defendants MARLON MICHAEL BRUFF, a/k/a "Big Bro," ███████ and TRENT NICHOLS;

p. On June 13, 2021, Defendant JOSHUA BROOKS purchased a Sig Sauer, model P365, 9mm pistol from individuals in Simpsonville, South Carolina;

q. On or about June 14, 2021, Defendant MARLON MICHAEL BRUFF, a/k/a "Big Bro" reserved a room at the Country Inn and Suites in Anderson, South Carolina, for two guests under the name of Defendant RENE COPELAND;

r. On or about June 14, 2021, Defendant JOSHUA BROOKS met Defendant MARLON MICHAEL BRUFF, a/k/a "Big Bro" at the Country Inn and Suites in Anderson, South Carolina, and transferred the firearms to Defendant MARLON MICHAEL BRUFF, a/k/a "Big Bro" including a Sig Sauer, model P365, 9mm pistol;

s. On or about June 14, 2021, Defendant MARLON MICHAEL BRUFF, a/k/a "Big Bro" met Defendants RENE SHARRONE COPELAND and MCKINLEY QUARLES at the Country Inn and Suites in Anderson, South Carolina and transferred

guns into a black Mercedes Sprinter van. The van, which was registered to Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** was driven by Defendants **RENE SHARRONE COPELAND** and **MCKINLEY QUARLES**. Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** directed Defendants **RENE SHARRONE COPELAND** and **MCKINLEY QUARLES** to get on the road and drive towards Maryland;

t.  On or about June 14, 2021, Defendants **RENE SHARRONE COPELAND** and **MCKINLEY QUARLES** drove the black Mercedes Sprinter van containing 73 firearms, including 36 firearms with obliterated serial numbers, toward Maryland, until they were stopped by a police officer in Duncan, South Carolina, and the guns were discovered;

u.  On or about June 14, 2021, Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** drove a white Dodge Hellcat and followed the black Mercedes Sprinter van containing the firearms until the black Mercedes Sprinter van was stopped by a police officer in Duncan, South Carolina, and the guns were discovered;

v.  On or around June 15, 2021, Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** alerted Defendant **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** that his courier had been intercepted;

w.  On or around June 15, 2021, Defendant **LIONEL MARTIN ROSENADA CABALLERO, a/k/a "Mr. Hustler"** filed a false police report with the Winder Police Department reporting that 44 firearms had been stolen from his home, when in fact these firearms had been sold and transferred to Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** and **RENE SHARRONE COPELAND**;

9

x.  On or about September 7, 2021, Defendant **JOSHUA BROOKS** straw purchased a Century Arms International, model VSKA, 7.62x39mm rifle, which he subsequently transferred to Defendant **TRENT NICHOLS**;

y.  Beginning at a time unknown to the grand jury, but beginning from at least in or around February of 2020, and continuing thereafter, up to and including the date of this Superseding Indictment, Defendant **TRENT NICHOLS** and others, both known and unknown to the grand jury, acquired firearms and ammunition and shipped them to Trinidad and Tobago using common and contract carriers by misrepresenting the contents of the shipments and failing to disclose to the common and contract carriers that the shipments contained firearms and ammunition;

z.  Counts 2-5 and 8-11 are incorporated herein, as if set forth verbatim, as overt acts.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about June 14, 2021, in the District of South Carolina, Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** knowingly possessed the following firearms in and affecting commerce:

1.  Smith & Wesson, model M&P 9 Shield, 9mm pistol;
2.  Smith & Wesson, model SD9, 9mm pistol;
3.  Glock, model 43x, 9mm pistol;
4.  Sig Sauer, model P250, 9mm pistol;
5.  SCCY Industries, model CPX-2, 9mm pistol;
6.  SCCY Industries, model CPX-2, 9mm pistol;
7.  Taurus, model TH40, .40 caliber pistol;
8.  Taurus, model G3, 9mm pistol;

9.  Glock, model 48, 9mm pistol;
10.  Glock, model 43, 9mm pistol;
11.  Smith & Wesson, model M&P 9 Shield Plus, 9mm pistol;
12.  Smith & Wesson, model SD9, 9mm pistol;
13.  Taurus, model G2C, 9mm pistol;
14.  SCCY Industries, model CPX-2, 9mm pistol;
15.  Taurus, model G2C, 9mm pistol;
16.  SCCY Industries, model CPX-2, 9mm pistol;
17.  Glock, model 21, .45 caliber pistol;
18.  Taurus, model G2C, 9mm pistol;
19.  Glock, model 26, 9mm pistol;
20.  Taurus, model G2C, 9mm pistol;
21.  Glock, model 19, 9mm pistol;
22.  Glock, model 19, 9mm pistol;
23.  Taurus, model G2C, 9mm pistol;
24.  Glock, model 19, 9mm pistol;
25.  Glock, model 19, 9mm pistol;
26.  Taurus, model G2C, 9mm pistol;
27.  Taurus, model G3C, 9mm pistol;
28.  FMK Firearms, model 9C1, 9mm pistol;
29.  Glock, model 19, 9mm pistol;
30.  Glock, model 19, 9mm pistol;
31.  Taurus, model G3, 9mm pistol;
32.  Taurus, model G3, 9mm pistol;
33.  Taurus, model G2C, 9mm pistol;
34.  Taurus, model G2C, 9mm pistol;
35.  Taurus, model G2C, 9mm pistol;
36.  Taurus, model G2C, 9mm pistol;
37.  FMK Firearms, model 9C1, 9mm pistol;
38.  Glock, model 19, 9mm pistol;
39.  Glock, model 19, 9mm pistol;
40.  Glock, model 19, 9mm pistol;
41.  Glock, model 19, 9mm pistol;
42.  Glock, model 19, 9mm pistol;
43.  Glock, model 19, 9mm pistol;
44.  Glock, model 19, 9mm pistol;
45.  Taurus, model G2C, 9mm pistol;
46.  Taurus, model G2C, 9mm pistol;
47.  Taurus, model G2C, 9mm pistol;
48.  Taurus, model G2C, 9mm pistol;
49.  Glock, model 19, 9mm pistol;
50.  FMK Firearms, model 9C1, 9mm pistol;
51.  FMK Firearms, model 9C1, 9mm pistol;
52.  Glock, model 19, 9mm pistol;
53.  Taurus, model G2C, 9mm pistol;
54.  Smith & Wesson, model SD40VE, .40 caliber pistol;

55.   FMK Firearms, model 9C1, 9mm pistol;
56.   FMK Firearms, model 9C1, 9mm pistol;
57.   Colt, model Officers ACP, .45 caliber pistol;
58.   Beretta, model PX4 Storm, 9mm pistol;
59.   Colt, model Lightweight Gov't, .45 caliber pistol;
60.   Smith & Wesson, model M&P 40, .40 caliber pistol;
61.   Walther, model PPS, 9mm pistol;
62.   Polymer80 Inc., model PF940C, 9mm pistol;
63.   SCCY Industries, model CPX-1, 9mm pistol;
64.   Smith & Wesson, model M&P 9, 9mm pistol;
65.   Sig Sauer, model P365, 9mm pistol;
66.   HS Product, model XD9, 9mm pistol;
67.   Glock, model 22, .40 caliber pistol;
68.   Sig Sauer, model P320, 9mm pistol;
69.   Polymer80 Inc., model PF59, 9mm pistol;
70.   Sig Sauer, model P365, 9mm pistol;
71.   Israel Weapon Ind. (IWI), model Jericho IIM, 9 mm pistol;
72.   Sarsilmaz (Sar Arms), model SAR 9, 9mm pistol; and
73.   Glock, model 17, 9mm pistol;

having previously been convicted of a crime punishable by imprisonment for a term exceeding

one year, and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about June 14, 2021, Defendant **RENE SHARRONE COPELAND**, while

being employed by and for Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** had

knowledge that Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro"** had previously been

convicted of a crime punishable by imprisonment for a term exceeding one year, did, in the course

of such employment, knowingly receive, possess, and transport the following firearms in and

affecting interstate and foreign commerce, and did receive the following firearms, which had been

shipped and transported in interstate and foreign commerce:

1.     Smith & Wesson, model M&P 9 Shield, 9mm pistol;
2.     Smith & Wesson, model SD9, 9mm pistol;
3.     Glock, model 43x, 9mm pistol;
4.     Sig Sauer, model P250, 9mm pistol;
5.     SCCY Industries, model CPX-2, 9mm pistol;
6.     SCCY Industries, model CPX-2, 9mm pistol;
7.     Taurus, model TH40, .40 caliber pistol;
8.     Taurus, model G3, 9mm pistol;
9.     Glock, model 48, 9mm pistol;
10.    Glock, model 43, 9mm pistol;
11.    Smith & Wesson, model M&P 9 Shield Plus, 9mm pistol;
12.    Smith & Wesson, model SD9, 9mm pistol;
13.    Taurus, model G2C, 9mm pistol;
14.    SCCY Industries, model CPX-2, 9mm pistol;
15.    Taurus, model G2C, 9mm pistol;
16.    SCCY Industries, model CPX-2, 9mm pistol;
17.    Glock, model 21, .45 caliber pistol;
18.    Taurus, model G2C, 9mm pistol;
19.    Glock, model 26, 9mm pistol;
20.    Taurus, model G2C, 9mm pistol;
21.    Glock, model 19, 9mm pistol;
22.    Glock, model 19, 9mm pistol;
23.    Taurus, model G2C, 9mm pistol;
24.    Glock, model 19, 9mm pistol;
25.    Glock, model 19, 9mm pistol;
26.    Taurus, model G2C, 9mm pistol;
27.    Taurus, model G3C, 9mm pistol;
28.    FMK Firearms, model 9C1, 9mm pistol;
29.    Glock, model 19, 9mm pistol;
30.    Glock, model 19, 9mm pistol;
31.    Taurus, model G3, 9mm pistol;
32.    Taurus, model G3, 9mm pistol;
33.    Taurus, model G2C, 9mm pistol;
34.    Taurus, model G2C, 9mm pistol;
35.    Taurus, model G2C, 9mm pistol;
36.    Taurus, model G2C, 9mm pistol;
37.    FMK Firearms, model 9C1, 9mm pistol;
38.    Glock, model 19, 9mm pistol;
39.    Glock, model 19, 9mm pistol;
40.    Glock, model 19, 9mm pistol;
41.    Glock, model 19, 9mm pistol;
42.    Glock, model 19, 9mm pistol;

43.    Glock, model 19, 9mm pistol;
44.    Glock, model 19, 9mm pistol;
45.    Taurus, model G2C, 9mm pistol;
46.    Taurus, model G2C, 9mm pistol;
47.    Taurus, model G2C, 9mm pistol;
48.    Taurus, model G2C, 9mm pistol;
49.    Glock, model 19, 9mm pistol;
50.    FMK Firearms, model 9C1, 9mm pistol;
51.    FMK Firearms, model 9C1, 9mm pistol;
52.    Glock, model 19, 9mm pistol;
53.    Taurus, model G2C, 9mm pistol;
54.    Smith & Wesson, model SD40VE, .40 caliber pistol;
55.    FMK Firearms, model 9C1, 9mm pistol;
56.    FMK Firearms, model 9C1, 9mm pistol;
57.    Colt, model Officers ACP, .45 caliber pistol;
58.    Beretta, model PX4 Storm, 9mm pistol;
59.    Colt, model Lightweight Gov't, .45 caliber pistol;
60.    Smith & Wesson, model M&P 40, .40 caliber pistol;
61.    Walther, model PPS, 9mm pistol;
62.    Polymer80 Inc., model PF940C, 9mm pistol;
63.    SCCY Industries, model CPX-1, 9mm pistol;
64.    Smith & Wesson, model M&P 9, 9mm pistol;
65.    Sig Sauer, model P365, 9mm pistol;
66.    HS Product, model XD9, 9mm pistol;
67.    Glock, model 22, .40 caliber pistol;
68.    Sig Sauer, model P320, 9mm pistol;
69.    Polymer80 Inc., model PF59, 9mm pistol;
70.    Sig Sauer, model P365, 9mm pistol;
71.    Israel Weapon Ind. (IWI), model Jericho IIM, 9 mm pistol;
72.    Sarsilmaz (Sar Arms), model SAR 9, 9mm pistol; and
73.    Glock, model 17, 9mm pistol;

In violation of Title 18, United States Code, Sections 922(h) and 924(a)(2).

COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about June 14, 2021, in the District of South Carolina, Defendants **MARLON**

**MICHAEL BRUFF, a/k/a "Big Bro"** and **RENE SHARRONE COPELAND** knowingly

possessed the following firearms:

1.   Glock, model 19, 9mm pistol;
2.   Glock, model 19, 9mm pistol;
3.   Taurus, model G2C, 9mm pistol;
4.   Glock, model 19, 9mm pistol;
5.   Glock, model 19, 9mm pistol;
6.   Taurus, model G2C, 9mm pistol;
7.   Taurus, model G3C, 9mm pistol;
8.   FMK Firearms, model 9C1, 9mm pistol;
9.   Glock, model 19, 9mm pistol;
10.  Glock, model 19, 9mm pistol;
11.  Taurus, model G3, 9mm pistol;
12.  Taurus, model G3, 9mm pistol;
13.  Taurus, model G2C, 9mm pistol;
14.  Taurus, model G2C, 9mm pistol;
15.  Taurus, model G2C, 9mm pistol;
16.  Taurus, model G2C, 9mm pistol;
17.  FMK Firearms, model 9C1, 9mm pistol;
18.  Glock, model 19, 9mm pistol;
19.  Glock, model 19, 9mm pistol;
20.  Glock, model 19, 9mm pistol;
21.  Glock, model 19, 9mm pistol;
22.  Glock, model 19, 9mm pistol;
23.  Glock, model 19, 9mm pistol;
24.  Glock, model 19, 9mm pistol;
25.  Taurus, model G2C, 9mm pistol;
26.  Taurus, model G2C, 9mm pistol;
27.  Taurus, model G2C, 9mm pistol;
28.  Taurus, model G2C, 9mm pistol;
29.  Glock, model 19, 9mm pistol;
30.  FMK Firearms, model 9C1, 9mm pistol;
31.  FMK Firearms, model 9C1, 9mm pistol;
32.  Glock, model 19, 9mm pistol;
33.  Taurus, model G2C, 9mm pistol;
34.  Smith & Wesson, model SD40VE, .40 caliber pistol;
35.  FMK Firearms, model 9C1, 9mm pistol; and
36.  FMK Firearms, model 9C1, 9mm pistol;

that had been shipped and transported in interstate and foreign commerce, from which the manufacturer's serial number had been removed, altered, and obliterated;

In violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around June of 2020, and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina, Defendants **JOSHUA BROOKS** and **TRENT NICHOLS,** not being licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms;

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around May of 2021, and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina, Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro," RAMARO ALSWORTH HIGGINS, a/k/a "Dre," RENE SHARRONE COPELAND** and **MCKINLEY QUARLES,** knowingly and intentionally did combine, conspire, and agree and have tacit understanding with each other and with others, both known and unknown

to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance:

    a.  With respect to Defendant **MARLON MICHAEL BRUFF, a/k/a "Big Bro,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

    b.  With respect to Defendant **RAMARO ALSWORTH HIGGINS, a/k/a "Dre,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

    c.  With respect to Defendant **RENE SHARRONE COPELAND**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); and

    d.  With respect to Defendant **MCKINLEY QUARLES**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

All in violation of Title 21, United States Code, Section 846.


## COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about June 14, 2021, in the District of South Carolina, Defendants **MARLON MICHAEL BRUFF, a/k/a "Big Bro," RENE SHARRONE COPELAND** and **MCKINLEY QUARLES**, as principals, aiders and abettors, and as co-participants in jointly undertaken criminal activity, knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance;

17

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

That on or about September 7, 2021, in the District of South Carolina, Defendant **JOSHUA BROOKS,** in connection with the acquisition and attempted acquisition of a firearm, to wit; a Century Arms International, model VSKA, 7.62x39mm rifle from Concept Arms, a licensed dealer, knowingly made a false and fictitious statement on a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, which was intended and likely to deceive Concept Arms with respect to a fact material to the lawfulness of the sale and disposition of the firearm to the Defendant, in that the Defendant answered question 21a, that he was the actual transferee/buyer of the firearm indicated on the Form 4473, when in fact as the Defendant then knew, he was not the actual transferee/buyer of the firearm;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

That on or about January 27, 2022, in the District of South Carolina and elsewhere, Defendant **TRENT NICHOLS,** did knowingly and willfully deliver and cause to be delivered to a common and contract carrier for transportation and shipment in foreign commerce, to a person

other than a licensed importer, manufacturer, dealer, or collector, a package and container in which

there were firearms and ammunition, including the following:

1.     Inter Arms, model Sporter, 7.62x39mm rifle;
2.     Century Arms International, model WASR-10, 7.62x39mm rifle;
3.     Inter Ordnance, model Sporter, 7.62x39mm rifle;
4.     Inter Ordnance, model CASAR, 7.62x39mm rifle;
5.     Century Arms, model WASR-10, 7.62x39mm rifle;
6.     Anderson Manufacturing, model AM-15, multi-caliber rifle;
7.     Century Arms International, model Centurion 39 Sporter, 7.62x39mm rifle;
8.     Century Arms International, model VSKA, 7.62x39mm rifle;
9.     Century Arms International, model VSKA 7.62x39mm rifle;
10.    Century Arms International, model VSKA, 7.62x39mm rifle;
11.    Palmetto State Armory, model PA-15, multi-caliber rifle;
12.    Glock, model 19, 9mm pistol;
13.    Palmetto State Armory, model PA-15, multi-caliber rifle;
14.    Palmetto State Armory, model PA-15, multi-caliber rifle;
15.    Palmetto State Armory, model PA-15, multi-caliber rifle;
16.    DPMS Inc., model A15, multi-caliber rifle;
17.    Palmetto State Armory, model PSAK47, 7.62x39mm rifle;
18.    Ruger, model AR-556, 5.56 mm rifle;
19.    Springfield Amory, model XD, .40 caliber pistol;
20.    Forty-one (41) assorted firearm magazines; and
21.    1,021 rounds of 7.62x39mm ammunition;

without written notice to the carrier that such firearms and ammunition were being transported and

shipped;

In violation of Title 18, United States Code, Sections 922(e) and 924(a)(1)(D).

## COUNT 10

THE GRAND JURY FURTHER CHARGES:

That on or about January 27, 2022, in the District of South Carolina and elsewhere, Defendant **TRENT NICHOLS,** did knowingly cause ECU Worldwide to file a false Shippers Export Declaration through the Automated Export System, in that Defendant **TRENT NICHOLS** declared that household goods were contained in a shipment to be exported from the United States to Trinidad and Tobago that, as he knew, contained firearms and ammunition that Defendant **TRENT NICHOLS** failed to declare;

In violation of Title 13, United States Code, Section 305(a)(1).

## COUNT 11

THE GRAND JURY FURTHER CHARGES:

That on or about January 27, 2022, in the District of South Carolina and elsewhere, Defendant **TRENT NICHOLS,** did willfully and knowingly attempt to export and send merchandise, articles, and objects from the United States to Trinidad and Tobago, including the following firearms and ammunition:

1.    Inter Arms, model Sporter, 7.62x39mm rifle;
2.    Century Arms International, model WASR-10, 7.62x39mm rifle;
3.    Inter Ordnance, model Sporter, 7.62x39mm rifle;
4.    Inter Ordnance, model CASAR, 7.62x39mm rifle;
5.    Century Arms, model WASR-10, 7.62x39mm rifle;
6.    Anderson Manufacturing, model AM-15, multi-caliber rifle;
7.    Century Arms International, model Centurion 39 Sporter, 7.62x39mm rifle;
8.    Century Arms International, model VSKA, 7.62x39mm rifle;
9.    Century Arms International, model VSKA 7.62x39mm rifle;
10.   Century Arms International, model VSKA, 7.62x39mm rifle;
11.   Palmetto State Armory, model PA-15, multi-caliber rifle;
12.   Glock, model 19, 9mm pistol;

13.  Palmetto State Armory, model PA-15, multi-caliber rifle;

14.  Palmetto State Armory, model PA-15, multi-caliber rifle;

15.  Palmetto State Armory, model PA-15, multi-caliber rifle;

16.  DPMS Inc., model A15, multi-caliber rifle;

17.  Palmetto State Armory, model PSAK47, 7.62x39mm rifle;

18.  Ruger, model AR-556, 5.56 mm rifle;

19.  Springfield Amory, model XD, .40 caliber pistol;

20.  Forty-one (41) assorted firearm magazines; and

21.  1,021 rounds of 7.62x39mm ammunition;

contrary to the laws and regulations of the United States, by failing to list the firearms and

ammunition on export shipping documents, in violation of Title 13, United States Code, Section

305, and by failing to notify a common carrier that the shipment contained firearms and

ammunition, in violation of 18 U.S.C. § 922(e);

All in violation of Title 18, United States Code, Section 554.

## FORFEITURE

DRUG OFFENSES:

Upon conviction for felony violations of Title 21, United States Code, as charged in this Superseding Indictment, Defendants, **MARLON MICHAEL BRUFF, a/k/a "Brando," RAMARO ALSWORTH HIGGINS, a/k/a "Dre," RENE SHARRONE COPELAND** and **MCKINLEY QUARLES,** shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

A.    constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation of Title 21, United States Code, and all property traceable to such property, and/or;

B.    used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation of Title 21, United States Code.

FIREARM OFFENSES:

Upon conviction for felony violations of Title 18, United States Code, Section 922 as charged in this Superseding Indictment, the Defendants, **TRENT NICHOLS** and **JOSHUA BROOKS,** shall forfeit to the United States all of the Defendants' rights, title and interest in:

(a)    any firearms and ammunition (as defined in 18 U.S.C. § 921) –

(1) involved in or used in any knowing violation of 18 U.S.C. § 922, or violation of any other criminal law of the United States, or intended to be used in a crime of violence.

UNLAWFUL EXPORT INFORMATION ACTIVITIES/SMUGGLING GOODS:

Upon conviction for violations of Title 13, United States Code, Section 305 and Title 18, United States Code, Section 554 as charged this Superseding Indictment, the Defendant, **TRENT NICHOLS,** shall forfeit to the United States any property, real or personal, which constitutes, is traceable, or is derived from any proceeds the Defendant obtained, directly or

22

indirectly, as the result of such violations, and any property used or intended to be used, in any

manner or part, to commit or facilitate the commission of the 13 U.S.C. § 305 offense.

PROPERTY:

Pursuant to Title 13, United States Code, Section 305, Title 18, United States Code,

Sections 924(d)(1) and 981(a)(1)(C), Title 21, United States Code, Sections 853 and 881, and Title

28, United States Code, Section 2461(c), the property which is subject to forfeiture upon

conviction of the Defendants for the offenses charged in this Superseding Indictment includes, but

is not limited to, the following:

A.    Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendants obtained as a result
of the drug offenses charged in this Superseding Indictment, and all interest
and proceeds traceable thereto as result of their violations of 21 U.S.C. §§
841 and 846.

B.    Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained as the
result of the offenses charged in Counts 11 and 12 of this Superseding
Indictment, and all interest and proceeds traceable thereto as result of
his violations of 13 U.S.C. § 305 and 18 U.S.C. § 554.

C.    Firearms:

1.    Anderson Manufacturing, Model AM-15, multi-caliber rifle
      S/N: 18177211

2.    Century Arms International, Model VSKA, 7.62 caliber rifle
      S/N: SV7061004

3.    Century Arms International, Model Centurion 39 Sporter, 7.62
      caliber rifle
      S/N: 39NC00420

4.    Century Arms International, Model VSKA, 7.62 caliber rifle
      S/N: SV7068968

23

5. Century Arms International, Model VSKA, 7.62 caliber rifle
S/N: SV7056847

6. DPMS (Defense Procurement Manufacturing Services) Inc., Model
A15, multi-caliber rifle
S/N: FFH009294

7. Glock, Model 19, 9mm caliber pistol
S/N: APU073US

8. HS Produkt (IM Metal), Model XD40, .40 caliber pistol
S/N: XD342373

9. Interarms Sp. Z O.O., Model Sporter, 7.62 caliber rifle
S/N: PAC115331521

10. Inter Ordnance Inc., Model Sporter, 7.62 caliber rifle
S/N: S018396

11. Inter Ordnance Inc., Model Cesar, 7.62 caliber rifle
S/N: 015358

12. Palmetto State Armory, Model PA-15, multi-caliber rifle
S/N: LW088402

13. Palmetto State Armory, Model PA-15, multi-caliber rifle
S/N: SCD165820

14. Palmetto State Armory, Model PA-15, multi-caliber rifle
S/N: PA006263

15. Palmetto State Armory, Model PSA AK47, 7.62 caliber rifle
S/N: AK007843

16. Palmetto State Armory, Model: PA-15, multi-caliber rifle
S/N: SCD595419

17. Romarm/Cugir, Model WASR-10, 7.62 caliber rifle
S/N: 21A1-83233

18. Romarm/Cugir, Model WASR-10, 7.62 caliber rifle
S/N: 21A1-85469

19. Ruger, Model AR-556, 5.56 caliber rifle
S/N: 859-36142

D. Ammunition/Magazines:

1. Forty-one (41) assorted firearm magazines

2. 1,021 rounds of 7.62x39mm ammunition

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act

or omission of the Defendants:

A. cannot be located upon the exercise of due diligence;
B. has been transferred or sold to, or deposited with, a third person;
C. has been placed beyond the jurisdiction of the Court;
D. has been substantially diminished in value; or
E. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek

forfeiture of any other property of Defendants up to an amount equivalent to the value of the above-

described forfeitable property;

Pursuant to Title 13, United States Code, Section 305, Title 18, United States Code,

Sections 924(d)(1) and 981(a)(1)(C), Title 21, United States Code, Sections 853 and 881, and Title

28, United States Code, Section 2461(c).

A _____*True*_____ BILL

REDACTED

FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
Christopher B. Schoen (Fed. ID # 11421)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.:    864.268.2100
Fax:    864.233.3158
Email: Christopher.Schoen@usdoj.gov