IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America,<br><br>vs.<br><br>Trent Nichols,<br><br>Defendant. | Cr. No.: 7:22-CR-00779-008 |

## SENTENCING MEMORANDUM

Defendant, Trent Nichols, by and through the undersigned counsel, hereby respectfully requests this court impose a sentence of probation. Mr. Nichols contends that a multitude of factors, as set for in 18 U.S.C. § 3553(a), as applied to his case supports a sentence below the guideline range. Mr. Nichols previously filed objections to the Pre-Sentence Investigation Report and reserves his right to argue those objections at sentencing.

## BACKGROUND

Mr. Nichols was born on January 13, 1980, in Trinidad and Tobago, to Arlene Nichols and Ziri Gohagen. Mr. Nichols lived with his grandparents while growing up in Trinidad and Tobago and moved to the United States when he was 16 years old. He possesses a United States passport and is a United States citizen.

Mr. Nichols married Terrell Nichols on June 27, 2019; they have no children in common, but Mr. Nichols have three children: Jaiden Nichols (15) and Ayjanae Nichols (10), who reside with their mother; and Benjamin Lee (8), who resides with his mother.

He has a relationship with his children and pays court-ordered child support for Jaiden and Ayjanae in the amount of $800 per month. He pays $300 monthly to help care for Benjamin Lee.

Mr. Nichols served in the United States Marine Corps from January 19, 1999 to 2003. He was honorably discharged in 2003 but re-enlisted in 2004. He was other than honorably discharged in 2014. Mr. Nichol's highest rank held was Staff Sergeant.

Mr. Nichols is employed at BMW in Spartanburg, South Carolina. He works full-time on third shift and has maintained employment during this matter.

## CHARGES AND CONVICTION

Mr. Nichols is one of eight defendants named in an 11-count Superseding Indictment. Mr. Nichols is charged in Counts 1, 5, 9, 10, and 11, as well as the forfeiture allegation. He pled guilty to Count 11.

## ADVISORY SENTENCING GUIDELINES

Based upon a total offense level of twenty-three and a criminal history category of I, Mr. Nichol's guideline imprisonment range is 46 to 57 months. The probation office determined Mr. Nichols has an estimated monthly cash flow of $1,363 and pursuant to USSG §5E1.2(c)(3), determined Mr. Nichols has the ability pay a fine of $20,000 at the rate of $588.24 per month in order to pay the fine in full by the end of supervision.

## THE 18 U.S.C. § 3553(a) FACTORS

Courts must consider factors set forth in 18 U.S.C. § 3553(a) when determining the appropriate sentence for a defendant. These factors promote consistency and fairness in sentencing. The 3553(a) factors include the nature and circumstances of the

offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, the need for the sentence imposed to afford adequate deterrence to criminal conduct, the need for the sentence imposed to protect the public from further crimes of the defendant, the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment, and the need for the sentence imposed to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

A sentencing court "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50, (2007). The advisory calculation is only one of many factors the court must consider when fashioning an appropriate sentence. See Gall, 552 U.S. at 49 (acknowledging that a court must consider the Guidelines as "the starting point and the initial benchmark," but that the advisory Guidelines range is "not the only consideration" in a court's determination of a sentence). Moreover, the Guidelines are advisory only, they are not mandatory; they are not even presumptively reasonable, and they represent only one of several relevant considerations. See Nelson v. United States, 555 U.S. 350, 352 (2009) ("Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable . . .. The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable."); see also Rita v. United States, 551 U.S. 338, 367 (2007) ("the Guidelines are

truly advisory"). An independent review of the factors set forth in 18 U.S.C. § 3553(a) should occur in each case as well and the court should "'consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue.'" Gall, 552 U.S. at 52; see also Koon v. United States, 518 U.S. 81, 113 (1996).

Mr. Nichols requests this court review the presentence investigation report and this sentencing memorandum to gain a full and complete understanding of his life and to assess the acts he committed. After considering the totality of the circumstances, Mr. Nichols asks the court to determine a reasonable but not greater than necessary sentence to achieve the goals set forth in 18 USC 3553(a). Here, certain of these factors militate toward sentencing Mr. Nichols below the guideline range set forth in the Pre-Sentence Investigation Report to a sentence of probation.

In evaluating Mr. Nichols' personal history and characteristics, his life favors a probationary sentence: he was a law-abiding citizen prior to the acts committed and during his pre-trial release, he has extreme remorse, and he fully accepted responsibility for his actions. Mr. Nichols served in the military on two separate occasions, he is gainfully employed at BMW and is a tax-paying citizen. He has a financial and personal relationship with his children and is married, all of whom are dependent on him for support. Further, Mr. Nichols' criminal history category is I; his record reflects a remote DUI conviction and a larceny of personal items. He has been compliant while on pretrial release. These qualities, when considered as a whole and weighed against his role in the conspiracy, support a sentence of probation.

As it relates to the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; Mr. Nichols understands, while he may never know the victims, the crime he pled guilty to is a serious offense with potential negative consequences. He is remorseful for his role in the crime as he respects the laws in place to protect citizens. He believes a sentence of probation is sufficient punishment as he has positive attributes to offer to society and has been sufficiently deterred from committing similar crimes in the future.

Mr. Nichols offers that a probationary sentence would more than afford adequate deterrence to criminal conduct and that he offers no threat to the public in the form of future criminal activities. Mr. Nichols engaged in what he thought was a victimless crime; he was lured by the money. He is embarrassed by the stain and strain he has placed on his family to make a quick dollar and submits he has a reformed mind. He has a career at BMW and other potential business opportunities. He has every belief there is no likelihood of reoffending and no need to protect the community from future harm.

The advisory sentencing guidelines have recognized that, "[p]robation may be used as an alternative to incarceration, provided that the terms and conditions of probation can be fashioned so as to meet fully the statutory purposes of sentencing, including promoting respect for law, providing just punishment for the offense, achieving general deterrence, and protecting the public from further crimes by the defendant." U.S. Sent'g Guidelines Manual ch. 5, pt. B, introductory cmt. (U.S. Sent'g Comm'n 2023). In fact, individuals "on probation are nonetheless subject to several

standard conditions that substantially restrict their liberty." <u>Gall</u>, 552 U.S. 47. Considering the specific circumstances of this case and Mr. Nichols' characteristics, "[a]ny term of imprisonment…would be counter effective by depriving society of [his] contributions," particularly where, as here, Mr. Nichols "'understands the consequences of his criminal conduct and is doing everything in his power to forge a new life.'" <u>Gall</u>, 552 U.S. at 44.

## CONCLUSION

Based upon the information presented in this Memorandum, the Presentence Report, and additional information that will be supplemented orally at the sentencing hearing, Counsel respectfully submits that under the provisions of 18 U.S.C. Section 3553(a), the Court should sentence Mr. Nichols to a term of probation.

　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　s/Stephanie A. Rainey
　　　　　　　　　　　　　　　　　　Fed. I. D. No.: 7768
　　　　　　　　　　　　　　　　　　Post Office Box 7233
　　　　　　　　　　　　　　　　　　Spartanburg, SC 29304
　　　　　　　　　　　　　　　　　　Phone: (864) 573-1003
　　　　　　　　　　　　　　　　　　Attorney for Trent Nichols

Date: March 19, 2024